UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 17-CR-80030-KAM

UNITED STATES OF AMERICA

vs.

EMMANUEL PETIT FRERE,

    Defendant.
_____/

## SPEEDY TRIAL REPORT

The United States files this Report regarding speedy trial, pursuant to the Order of United States Magistrate Judge William Matthewman's on July 28, 2017. Pursuant to 18 U.S.C. § 3161(c)(1) trial in this matter shall commence on or before October 7, 2017.

### Procedural History

1. The defendant is charged with bank robbery and brandishing a firearm in furtherance of a crime of violence. The offense occurred on December 22, 2016.

2. The defendant was arrested by the FBI on January 28, 2017 (DE 1). His initial appearance was held on January 30, 2017. At which time the defendant was found to be indigent and assigned the Federal Public Defender.

3. An unopposed motion for psychiatric examination regarding competency and sanity was filed by defense counsel on January 31, 2017 (DE 7).

4. The motion for psychiatric examination was granted on February 3, 2017, (DE 11) and a status check regarding competency, arraignment and detention was set for March 17, 2017.

5. On February 7, 2017, the Grand Jury returned an Indictment against the defendant charging him with bank robbery and brandishing a firearm in furtherance of a crime of violence (DE 12). The Indictment was not sealed.

6. Four additional status conferences regarding competency were held on March 17, 2017, March 24, 2017, April 26, 2017, and June 5, 2017. Each Judge found that any delay was necessary because the ends of justice outweighed the defendant's and public's right to speedy trial.

7. On May 10, 2017, United States Magistrate Judge William Matthewman received a Forensic Evaluation Report by Dr. Jorge Luis from the Bureau of Prisons – Miami Federal Detention Center, concerning the defendant's competency and sanity (DE 22).

8. A competency hearing was held by Judge Matthewman on June 27, 2017. The United States offered the testimony of Dr. Jorge Luis and the Forensic Evaluation Report. On June 28, 2017, Judge Matthewman issued a written Report and Recommendation finding the defendant competent to stand trial (DE 27). The Report and Recommendation was later adopted by the District Court on July 27, 2017 (DE 29).

9. On June 28, 2017, the defendant by and through his counsel filed a Motion to continue his arraignment and bond hearing. The motion was granted the same day, and the defendant's arraignment and detention hearing was set on July 28, 2017 (DE 28).

10. Finally, on July 28, 2017, the defendant was arraigned and detained as a risk of flight and danger to the community following a pre-trial detention hearing.

## Speedy Trial Act

Title 18, United States Code, Section 3161(c)(1) provides that in any case in which a defendant pleads not guilty, the trial must commence within 70 days of the filing of an information

or indictment, or from the date the defendant has appeared before the Court, whichever date is later. Section 3161(h)(1) of the Act provides several periods of time which are excludable from the 70-day period, including:

A. any delay resulting from any proceeding, including any examinations to determine mental competency of the defendant; and

D. any delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing, or other prompt disposition of, such motion.

Section 3161(h)(7)(A) also provides that any period of delay resulting from a continuance granted by the judge, on his own motion or at the request of the defendant or his counsel, is also excludable from the 70-day period. Provided that the court specifically announce on the record that the ends of justice served by granting the continuance outweighed the best interest of the public and the defendant in a speedy trial.

## Speedy Trial Calculation

In this case, the "speedy trial clock" began on February 7, 2017 – the day the defendant's Indictment became public. This date was the later of either his initial appearance on January 30, 2017, or the date of his Indictment on February 7, 2017, as provided by Section 3161(c)(1). *United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984) (speedy trial period begins the later of either initial appearance or day of indictment).

The period of delay between February 7, 2017, and July 27, 2017, is excludable on several grounds. First, the period is excludable under Section 3161(h)(1)(A) because the defendant's competency was at issue. During that period, the defendant was examined by Dr. Jorge Luis at the Federal Detention Center in Miami and a competency hearing was held on June 28, 2017. The final determination of whether the defendant is competent to stand trial was made by the District

3

Court on July 27, 2017, when it accepted the Magistrate's Report and Recommendation following the competency hearing. The Report and Recommendations were filed on June 28, 2017, and the District Court issued its Order adopting those findings within 30 days – July 27, 2017.  18 U.S.C. § 3161(h)(1)(H).   This period of delay is also excludable under Section 3161(h)(1)(D) because of the defendant's own pretrial motion for competency.  The motion was filed prior to the Indictment; however, it was not resolved until July 27, 2017.  Lastly, this period is excludable under Section 3161(h)(7) because the Magistrate Judges that presided over the status checks all found that the period of delay was specifically necessary because the ends of justice outweighed the defendant's and public's right to trial within 70 days of the Indictment.

The period of delay between June 28, 2017, and July 28, 2017, is excludable because it was based upon the defendant's Motion to continue arraignment.  18 U.S.C. § 3161(h)(7).  The motion was filed and ruled upon on the same day – June 28, 2017.  However, the Magistrate Court specifically found that the period of delay between June 28, 2017, and July 28, 2017 was necessary because the ends of justice outweighed the defendant's and public's right to speedy trial.

Based upon the above circumstances and procedural history, only six (6) days have been exhausted from the 70-day trial period.  *Yunis*, 723 F.2d 795, 797 (date of arraignment excluded). The other 171 days between February 7, 2017, and July 28, 2017, are excludable under the Speedy Trial Act.

As such, trial must commence on or before October 7, 2017.

WHEREFORE, the United States files this Report regarding Speedy Trial and states that Trial must commence on or before October 7, 2017.

>Respectfully submitted,
>
>BENJAMIN G. GREENBERG
>ACTING UNITED STATES ATTORNEY
>
>s/ Adam C. McMichael
>ADAM C. McMICHAEL
>Assistant United States Attorney
>Court No. A5501637
>500 South Australian Avenue, Suite 400
>West Palm Beach, Florida 33401
>Adam.McMichael@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/ Adam C. McMichael
        ADAM C. McMICHAEL
        Assistant United States Attorney

## SERVICE LIST

**Robin Cindy Rosen-Evans**
Federal Public Defender's Office
450 Australian Avenue
Suite 500
West Palm Beach, FL 33401
561-833-6288
Fax: 833-0368
Email: Robin_Rosen-Evans@FD.org
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
Designation: Public Defender Appointment